FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 10 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————— X

Rosemarie Stabile

**Plaintiff**

-against-

United Recovery Services, LP
and Law Offices of James A.
West, P.C.

**Defendant**

————————————————————————

Docket No.

(SF)

COMPLAINT AND DEMAND FOR
JURY TRIAL

CV 11 1152

TRIAL BY JURY DEMANDED

FEUERSTEIN, S
WALL, M.J.

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant debt collectors because the Defendants have used deception and harassment in an attempt to collect an alleged debt from the Plaintiff. Defendant also persistently utilized an automatic telephone dialing system to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq. and New York General Business Law.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for state law claims and the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Declaratory relief is available pursuant to 28 U.S.C. Section 2201, 2202 and New York State law. Venue in this District is proper in that the Defendant transacts business here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, Rosemarie Stabile, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FDCPA.

5. Defendant United Recovery Systems, LP. (hereinafter "URS") is a business engaged in collecting debts in this state. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. Defendant Law Offices of James A. West, P.C. (hereinafter "West") is a business engaged in collecting debts in this state. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

7. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendant, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. URS and West are responsible and liable for the acts of its employees. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

8. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was a debt alleged to be owed for the lease of an automobile used for personal purposes. No part of the debt was incurred for business purposes.

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

10. At all times relevant to this complaint, the Defendants owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. Section 153(14) that originated, routed, and/or terminated telecommunications.

12. The Defendants at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. Section 153(43).

12. The Defendants at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. Section 153(22).

13. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

15. The acts of the Defendants alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats paragraphs "1" through "15" as if fully restated herein.

17. The Plaintiff's husband leased an automobile, and the Defendants allege that the Plaintiff co-signed for the lease. After the Plaintiff's husband passed away, the car was repossessed and allegedly sold at auction. The Defendants assert that the Plaintiff owes $9,357.93 to US Bank for the lease.

18. In an attempt to collect the alleged debt, the Defendants telephoned the Plaintiff over 100 times within a four month period. Defendant called as many as eight times in a single day. The Defendants actions were intended to harass the Plaintiff into paying the alleged debt.

19. Notwithstanding that the Defendant knew the Plaintiff's telephone number and address, in or around September 2010, the Defendant URS telephoned the Plaintiff's daughter and communicated with her seeking information about the Plaintiff. When Plaintiff's daughter asked how the Defendant obtained the Plaintiff's telephone number, the Defendant hung up the phone.

20. In or around September 2010, the Defendant URS telephoned the Plaintiff's neighbor and informed the neighbor that they were calling with an emergency and needed

the Plaintiff's cellular phone number immediately. The Plaintiff's neighbor gave the defendant the Plaintiff's cellular phone number.

21. After obtaining the Plaintiff's cellular phone number, the Defendants utilizing an automatic telephone dialing system telephoned the Plaintiff's cellular phone consistently without Plaintiff's consent.

22. Defendant URS telephoned the Plaintiff and utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (631) telephone area code. When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (631) area code. The Defendant representatives were not located within the (631) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector. The defendant's actions violate 15 USC 1692e; 15 USC 1692e(10); 15 USC 1692e(14); 15 USC 1692d; 15 USC 1692d(6); and 15 USC 1692f.

23. In or around October 2010, Defendant West, in cooperation with Defendant URS began to attempt to collect the alleged debt from Plaintiff.

24. The Defendant West continued to use an automatic telephone dialing system to telephone the Plaintiff's cellular phone without the Plaintiff's consent.

## V. CAUSES OF ACTION UNDER THE FDCPA

25. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

26. The acts and omissions of the Defendant as described herein violate several provisions of the FDCPA including but not limited to the following:

A. Defendant violated 15 U.S.C Section 1692e;

B. Defendant violated 15 U.S.C. Section 1692e(10)

C. Defendant violated 15 U.S.C. Section 1692d

D. Defendant violated 15 U.S.C. Section 1692d(5)

E. Defendant violated 15 USC Section 1692d(6)

F. Defendant violated 15 U.S.C. Section 1692f and

G. Defendant violated 15 U.S.C. Section 1692c(b); and

H. Defendant violated 15 U.S.C. Section 1692b(1).

## VI. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

28. Within the one year immediately preceding the filing of this complaint and without the consent of the Plaintiff, the Defendants made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. The Defendant did not have the prior express consent of Plaintiff to call the Plaintiff's cellular telephone.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

31 Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

32. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

## VII. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

34. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant URS utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (631) telephone area code. When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (631) area code. The Defendant representatives were not located within the (631) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector

35. Defendant URS is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year. As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

36. The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy.

37. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff and causing deceptive information to appear on the Plaintiff's caller ID unit.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendants, for the following:

1. Actual damages;

2. Statutory damages;

3. Costs and reasonable attorney's fees;

4. Treble damages;

5. Punitive damages

6. Injunctive relief as requested herein;

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff