# INDIVIDUAL MOTION PRACTICES OF
# MAGISTRATE JUDGE WILLIAM D. WALL

100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 820
Contact:   Criminal matters: Tom Talbott at (631) 712-5724
Civil matters:  Law Clerks at (631) 712-5720

**THESE INDIVIDUAL RULES ARE IN EFFECT AS OF MARCH 9, 2011**

1. **Electronic Case Filing (ECF)**

   A.   **All documents** in civil actions MUST be filed electronically, with the limited exception stated in paragraph 1(E), *infra*. Litigants proceeding pro se are exempt from ECF requirements. Information about ECF procedures, including the ECF User's Guide, is available on the Eastern District Website [http://www.nyed.uscourts.gov]. Questions regarding ECF filing or training should be directed to Cinthia Mahon in Central Islip at (631) 712-6011, or Terry Vaughn in Brooklyn at (718) 613-2331.

   B.   All orders issued by Judge Wall will be transmitted electronically. Hard copies will not be mailed to attorneys. Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office. Hard copies will be mailed to pro se litigants, who are responsible for keeping their mailing addresses current with the Clerk's Office.

   C.   Any letter to Judge Wall requesting court intervention, including those sent pursuant to Local Civil Rules 37.1 and 37.3 or requesting an adjournment or extension of discovery deadlines, must be electronically docketed under "Motions" and not under "Other Documents" as a "Letter."

   D.   Hard copies of the following electronically filed papers <u>must</u> be sent to Chambers:

   i.   Letter Motions with exhibits or attachments exceeding 15 pages in total.

   ii.  Referred motions or motions on notice made to Judge Wall. Such papers must be clearly marked "Courtesy Copy" and indicate the ECF-assigned docket number.

   Hard copies of any other electronically filed papers should <u>not</u> be sent to Chambers.

   E.   *Ex parte* settlement statements required by the court should not be electronically filed. These statements may be faxed to Chambers at (631) 712-5725. Parties should contact the Clerk's Office regarding documents to be filed under seal or subject to a court-ordered confidentiality agreement.

**2. Communications with Chambers**

A.  *Telephone Calls*.  Telephone calls to Chambers are permitted, subject to the rules set forth in paragraph 2(C).  All questions regarding criminal matters should be directed to Tom Talbott at (631) 712-5724.  Other questions should be directed to the main Chambers number, (631) 712-5720.

B.  *Faxes*.  Faxes are permitted only in the following circumstances: 1) time sensitive requests that have already been electronically filed, and 2) *ex parte* settlement statements.  Faxes may not exceed four pages, including cover sheet and attachments.  Papers faxed to Chambers must also be faxed to all other parties, with the exception of settlement statements.

C.  *Requests for Adjournments or Extensions of Time*.  **All requests for adjournments must be made in writing and filed electronically as motions at least 2 business days prior to the scheduled appearance,** absent an emergency.  Requests for adjournments must state the reason an adjournment is needed and whether all parties consent, and must list alternative dates when all parties are available.  Requests for extensions of time must be made in writing, must establish good cause for granting the extension, and should, where appropriate, include a proposed amended scheduling order.  **Requests for both adjournments and extensions of time must be filed electronically as "Motions."**  See Rule 1(C), *supra*.  Requests made pursuant to this section should also comply with Rules 1(D) and 2(B), *supra*.

**3. Motions**

A.  *Discovery or Other Non-Dispositive Motions*.

   i.  Letter Motions:  Discovery or other non-dispositive motions may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "Motion."  See Rule 1(C), *supra*.  Parties must make a good faith effort to resolve disputes in person or by telephone, **before** making a motion.  See Local Civil Rule 37.3 (a). Letter motions may not exceed three pages in length, exclusive of attachments.  A response in opposition not exceeding three pages in length, exclusive of attachments, must be served and filed within four days.  Replies are not permitted on letter motions.  All letters must use one inch margins, single spacing, and 12 point font.  No pre-motion conference is required.

   ii.  Motions on Notice:  Although parties are encouraged to make discovery and other non-dispositive motions by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Civil Rule 6.1 and must comply with paragraph 3(C), *infra*. No pre-motion conference is required.

B.  *Dispositive Motions*.  Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in conformance with

      his or her individual rules, unless the parties have consented to Judge Wall's jurisdiction for all purposes in accordance with 28 U.S.C.§ 636 (c)(1).

C.    *General Motion Practices for Motions on Notice Made to Judge Wall.*

    i.    <u>Service and filing</u>: Unless otherwise directed by the court, motion papers shall be served in accordance with Local Civil Rule 6.1. No motion papers shall be filed with the Court until the motion is fully briefed by both sides and exchanges of all papers have been made. All moving papers should be filed electronically on the same filing date, and the moving party is responsible for the filing of all motion papers.

    ii.    <u>Memoranda of Law</u>**:** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. Case citations must contain pinpoint cites. All memoranda of law must use one inch margins, double spacing, and 12 point font. Legal argument must be set forth in a memorandum of law–affidavits or affirmations containing legal argument will be rejected. See Local Civil Rule 7.1(a). **Any memoranda, affidavits, or affirmations not complying with the requirements set forth herein will be rejected.**

    iii.    <u>Courtesy Copies</u>: After electronic filing, one hard copy of the motion papers, clearly marked as "Courtesy Copy" and indicating the ECF-assigned docket number, should be submitted to Judge Wall. Courtesy copies of dispositive motions made to the District Judge should <u>not</u> be provided to Judge Wall unless such motions have been referred to him.

    iv.    <u>Exhibits</u>: On courtesy copies provided to the Court, dividers separating exhibits must use tabs that protrude beyond the edges of the paper. Such tabs may be at the bottom or side of the papers.

    v.    <u>Oral Argument on Motions</u>: Parties may request oral argument. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

D.    *Summary Judgment Motions in Cases on Consent to Judge Wall.*

    i.    In cases where all parties are represented by counsel:

Any party planning to make a motion for summary judgment must notify the court of its intention by electronically filing a letter, including a proposed briefing schedule agreed to by the parties. No pre-motion conference is necessary. The court will then issue an order either approving the parties' proposed briefing schedule or setting a new one.

All of the motion papers must be bundled, that is, must be electronically filed by the movant on the filing date provided in the briefing schedule, with hard courtesy copies to the court on the same date.
The movant must serve a Rule 56.1 Statement pursuant to Local Civil Rule 56.1; a Notice of Motion; an initial memorandum of law; and appropriate supporting documentation.  The opponent must serve a Rule 56.1 Counterstatement pursuant to Local Civil Rule 56.1; a memorandum of law in opposition; and appropriate supporting documentation.  The movant may then serve a Reply Memorandum of Law.  All documents must comply with the requirements set out in Rule C, *supra* and in Local Civil Rule 56.1.  Any documents that do not comply will be rejected.

    ii    In cases where one or more of the non-movants is appearing pro se:

Where the party moving for summary judgment is represented by counsel and one or more of the non-movants is appearing pro se, the parties must follow the same steps set forth *supra* in paragraph 3 (D), plus, the movant must also serve on the pro se party or parties a Notice Pursuant to Local Civil Rule 56.2, and must include a copy of that Notice in the moving papers.

**4. Pretrial Procedures in Cases on Consent to Judge Wall**

A.    *Joint Pretrial Orders*. On the date specified in the scheduling order, the parties shall submit a joint pretrial order that includes the following:

    i.    the full caption of the action;

    ii.    the names, addresses (including firm names), and telephone and fax numbers of trial counsel;

    iii.    a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    iv.    a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted that are not to be tried;

    v.    a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

    vi.    any stipulations or agreed statements of fact or law that have been agreed to by all parties;

    vii.    a list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when good cause is shown;

    viii.    a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

    ix.    a schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule must also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related grounds. Only exhibits listed will be received in evidence except for good cause shown. All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

B.    *Filings Prior to Trial.* Unless otherwise ordered by the court, each party shall electronically file, at least one week before the date of commencement of trial:

    i.    fully briefed motions in limine, if any;

    ii.    in jury cases, requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the court. Proposed requests to charge must also be submitted in WordPerfect format by e-mail to Courtroom Deputy Tom Talbott at the following address: thomas_talbott@nyed.uscourts.gov;

    iii.    in jury cases, by claim, a detailed statement regarding damages and other relief sought;

    iv.    in non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element; and,

    v.    in any case where such party believes it would be useful, a pretrial memorandum.