UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROSEMARIE STABILE,

                      Plaintiff(s),  **REPORT AND**
                                           **RECOMMENDATION**
      -against-  CV11-1152 (SJF) (WDW)

UNITED RECOVERY SYSTEMS, L.P.
and LAW OFFICES OF JAMES A. WEST, P.C.,

                      Defendant(s).
------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Feuerstein are the defendants' motion for judgment on the pleadings pursuant to Rule 12(c) (DE[16]) and the plaintiff's motion to amend the complaint pursuant to Rule 15(a) (DE[14]). For the reasons set forth *infra*, I recommend that the defendants' motion be denied and the plaintiff's motion be granted.

## BACKGROUND

On March 10, 2011, the plaintiff filed a complaint making claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the New York General Business Law. The Complaint alleges, *inter alia,* that the defendants violated the TCPA by placing calls to her cell phone without her consent using an automatic dialing system in an attempt to collect a debt. On their motion, the defendants seek dismissal of the TCPA claim, arguing that they did not use an automatic dialing system and thus did not violate the TCPA. The plaintiff opposes the motion to dismiss that claim and also moves to amend the complaint to add factual allegations.

## DISCUSSION

### Defendants' Motion for Judgment on the Pleadings

**Rule 12(c) Standards**

Rule12(c) of the Federal Rules of Civil Procedure allows for either party to move for judgment on the pleadings,"after the pleadings are closed but within such time as not to delay the trial." F<sub>ed</sub>. R. C<sub>iv</sub>. P. 12(c). This is similar to a Rule 12(b)(6) motion to dismiss for failure to state a claim, except that a Rule 12(b)(6) motion comes before the close of pleadings. *See* Fed. R. C<sub>iv</sub>. P. 12(b)(6). In either case, the Court applies the same standard. *Irish Lesbian & Gay Org. v. Guiliani*, 143 F. 3d 638, 644 (2d Cir. 1998). For both 12(b)(6) and 12(c) motions, the district court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id.* The factual allegations contained in the complaint must satisfy a flexible plausibility standard, which obliges a pleader to amplify a claim with enough factual allegations to render the claim plausible. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, plaintiff's complaint must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purpose of Rules 12(c) and 12(b), the complaint includes any written instrument attached to it or any statements or documents incorporated in it by reference, as well as any document on which the complaint relies heavily. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152-53 (2d Cir. 2002).

**The TCPA Claim**

The defendant appears to argue that because the plaintiff has provided no "facts or evidence" that the defendants used autodialer technology, her TCPA claim must fail. The suggestion that the plaintiff must produce "evidence" at this point in the litigation, where

2

discovery has barely begun, is misplaced. The plaintiff's complaint alleges that the defendants used an automatic telephone dialing system to repeatedly dial her cell phone number, which she alleges they obtained by trickery. *See* Complaint, ¶¶ 21, 24, 28. While the plaintiff does not provide a great deal of detail about the alleged use of automatic dialing, she does not need to do so to meet the Rule 12 standards of plausibility. It is quite plausible that multiple phone calls to the same number could have been placed using automatic rather than manual dialing techniques. The plaintiff does not have to "prove" at this time that an automatic dialer was used.

The defendants argue further that they provided plaintiff's counsel "with documentation showing that Defendants did not call Plaintiff's cellular telephone using auto dialers," and that they have "provided Plaintiff with information regarding the fact that all calls that were placed to her cellular telephone were not placed using auto dialer equipment, but were the result of manual calls." Def. Mem. in Supp. at 2; Reply Mem. at 4. In other words, the defendants deny the allegations. But the plaintiff is not obligated to simply accept that denial at this stage of the lawsuit. She should be allowed to pursue discovery regarding the claim and the denial and to explore the defendants' basis for its denial. Further, the defendants have submitted no sworn statement from anyone with personal knowledge of any relevant facts, and the "documentation" they refer to is a mystery to the court, as no copies of it have been annexed as an exhibit to the motion. The defendants may establish through the discovery process that the claim has no basis, but its dismissal now is premature. I recommend that the motion to dismiss the TCPA claim be denied.

## Plaintiff's Motion to Amend the Complaint

The plaintiff has moved to amend the complaint to add factual allegations. I assume she

wishes to amend regardless of the ruling on the TCPA claim and proceed on that assumption.

**Standards for Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In making its determination, the court considers factors such as undue delay, prejudice to the defendants, and futility of the proposed amendments. *See Foman*, 371 U.S. at 182; *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998). Although amendments are generally favored because "they tend to facilitate a proper decision on the merits," *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted), ultimately, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co.v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (*citing Foman*, 371 U.S. at 182).

Amendment should only be denied for good reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman,* 371 U.S. at 182). An amendment is futile if the claim would be unable to withstand a Rule 12 (b)(6) motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Indeed, "[t]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12 (b)(6) motion to dismiss

- namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Amna v. New York State Dep't of Health,* 2009 WL 6497844, at *1 (E.D.N.Y. Sept. 3, 2009) *(quoting Crippen v. Town of Hempstead,* 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009)).

On a motion to dismiss, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949 (internal quotation marks and citations omitted). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**The Proposed Amendments**

The plaintiff describes her proposed amended complaint as adding "facts explicating the claims and additional claims based upon the same set of facts." DE[14-1] at 2. I agree and recommend a finding that there has been no undue delay, bad faith or dilatory motive on the part of the plaintiff, and that the amended complaint sets out plausible claims. The defendants argue that the motion is "premature and prejudicial in that it attempts to add weight to Plaintiff's TCPA claim after the Court had already instructed Defendant to submit a Motion in opposition to Plaintiff's TCPA claims contained in her original Complaint." DE[21] at 2. This line of argument is bewildering. District Judge Feuerstein's acknowledgment that the defendants could make their motion was in no way a bar to the plaintiff's motion. Indeed, motions to amend made

in conjunction with motions to dismiss are quite common, and the defendants' claims that they will be prejudiced and their defenses impacted by the motion have no basis in fact or law. I recommend that the motion to amend be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       November 16, 2011

                                                /s/ William D. Wall
                                                WILLIAM D. WALL
                                                United States Magistrate Judge