UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROSEMARIE STABILE,

                Plaintiff,              Case No. 11-cv-1152 (SJF)(WDW)

    - against -                **MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF, ROSEMARIE STABILE'S, MOTION FOR ENTRY OF A PROTECTIVE ORDER**

UNITED RECOVERY SYSTEMS, LP and
LAW OFFICES OF JAMES A. WEST, P.C.,

                Defendants.
---------------------------------------------------------------X

    NOW COME Defendants, United Recovery Systems, LP ("URS") and Law Offices of James A. West, P.C. ("West") (collectively "Defendants"), by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and submit the following Memorandum of Law in Response to Plaintiff, Rosemarie Stabile's, Motion for Entry of a Protective Order, stating as follows:

**I.    FACTUAL AND PROCEDURAL HISTORY:**

    At the outset, Defendants believe that the letter submitted to the Court by Plaintiff on December 1, 2011, which has been construed by Plaintiff as a formal Motion for Entry of a Protective Order, is untimely and unnecessary as Plaintiff has previously attached confidential documentation attributable to both URS and West to her Amended Complaint. However, for the foregoing reasons, Defendants will agree to the entry of a protective order for this matter, pending agreement to several additional conditions.

    On or about March 10, 2011, Plaintiff filed a Complaint against Defendants in the United States District Court for the Eastern District of New

1

York at docket number 2:11-cv-01152-SJF-WDW alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq. in their attempts to collect a valid and delinquent debt obligation owed by Plaintiff to U.S. Bank, N.A.  On or about May 16, 2011 Defendants filed Answers to Plaintiff's Complaint and asserted Affirmative Defenses to the claims advanced by Plaintiff pursuant to both the FDCPA and the TCPA.  On July 27, 2011, a status conference regarding the current matter was held before The Honorable Sandra J. Feuerstein where Judge Feuerstein ordered counsel for Defendants to file a Motion for Judgment on the Pleadings regarding Plaintiff's TCPA claims on or before August 26, 2011.  Defendants Motion for Judgment on the Pleadings to the Court and Plaintiff on August 26, 2011.

On or about September 19, 2011, while Defendants' Motion for Judgment on the Pleadings was pending, Plaintiff filed a Motion to Amend her Complaint.  (See Plaintiff's Motion to Amend/Supplement/Correct Complaint which is attached hereto and marked as Exhibit "A").  As part of the discovery process for this matter, Defendants had each produced their confidential, redacted account notes to Plaintiff which contained a log of each attempted contact regarding Defendants' attempts to collect Plaintiff's U.S. Bank, N.A. debt which is at issue. In fact, in exchange for the account notes, Plaintiff's counsel agreed to provide a settlement demand to Defendants.  However, although the litigation of this matter has been moving forward for over nine months, Plaintiff's counsel still has not provided Defendants with a settlement

2

demand. Regardless, along with her Motion to Amend her Complaint, Plaintiff, without the consent to Defendants, attached Defendants' account notes as exhibits to her proposed Amended Complaint. (See Exhibits "A" and "B" to Plaintiff's proposed Amended Complaint which is included in Exhibit "A"). Plaintiff's Motion to Amend her Complaint was granted by the Honorable William J. Wall on November 16, 2011.

Currently, for some unknown reason, Plaintiff is now seeking to have a protective order entered in this matter regarding confidential information and documentation that may be produced throughout the litigation of this matter. This request is questionable considering that Plaintiff has already attached confidential documentation to her Amended Complaint without first seeking the consent of Defendants. However, for the reasons below, Defendants will agree to enter into a consent order for this matter provided that Plaintiff provides a basis for her request for the entry of a protective order at this time and retroactively seals exhibits "A" and "B" to her Amended Complaint so that information contained in both documents is not further disseminated to the public. Defendants ask that Plaintiff also agrees to seal any and all confidential documentation that may be attached to future pleadings for this matter.

II.  **ARGUMENT:**

Pursuant to Fed. R. Civ. P. 26(c), the party seeking the protective order has the burden of showing good cause for the entry of the order by showing

3

adequate reason, by a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. Fed. R. Civ. P. 26(c); Havens v. Metropolitan Life Ins. Co. (In re Akron Beacon Journal), 1995 U.S. Dist. LEXIS 5183, *29 (23 Media L. Rep. 1993)(S.D.N.Y. April 20, 1995) citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); See also 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2035 (1970 & Supp. 1993).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cipollone, 785 F.2d at 1121. Materials that contain "a trade secret or other confidential research, development, or commercial information" are subject to protective orders. Fed. R. Civ. P. 26(c)(7).  Havens, 1995 U.S. Dist. at *30 Furthermore, a protective order may be granted in order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Id.; Fed. R. Civ. P. 26(c).

    As previously stated, Defendants are willing to enter into a protective order for this matter regarding confidential and/or proprietary information that may be exchanged by the parties to through the discovery process in this matter.  However, Defendants first require that, pursuant to Havens, Plaintiff provide adequate reasoning as to why a protective order is necessary in this matter.  Defendants also require that, as Plaintiff is now placing emphasis on protecting confidential information in this matter, that Exhibits "A" and "B" to her Amended Complaint be placed under seal considering the confidential and

4

proprietary nature of the documents. Defendants will also require that Plaintiff agrees to seal any future confidential and/or proprietary documentation that she may seek to attach as exhibits to future pleadings.

### III. CONCLUSION:

Defendants, United Recovery Systems, LP and Law Office of James A. West, P.C., respectfully request that this Court enter the proposed Order attached hereto, ordering the parties to enter into a protective order regarding confidential documentation that may be exchanged in this matter, ordering Plaintiff, Rosemarie Stabile, to provide adequate reasoning for an entry of a protective order in this matter, ordering Plaintiff to seal Exhibits "A" and "B" to her Amended Complaint and ordering the parties to this matter to seal any future confidential and/or proprietary information that may be utilized as exhibits in future pleadings for this matter.

Dated: New York, New York
       December 5, 2011

                                       **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

                          By:       /s/
                                   Jeffrey J. Imeri (JI 3938)
                                   Attorneys for Defendant
                                   United Recovery Systems, LP
                                   140 Broadway, 19th Floor
                                   New York, New York 10005
                                   (212) 878-1700

TO:   Joseph Mauro, Esq.
       Attorney for Plaintiff
       306 McCall Ave.
       West Islip, NY 11795
       631-669-0921